SUMMARY ORDER

Petitioner Bardh Gjoni, a citizen of Albania, seeks review of a July 15, 2008 order of the Board of Immigration Appeals (“BIA”) affirming Immigration Judge (“IJ”) Sandy Horn’s June 6, 2007 decision denying Gjoni’s application for asylum, withholding of removal and relief under the Convention Against Torture. In re Bardh Gjoni, No. A79 399 378 (B.I.A. July 15, 2008), aff'g No. A79 399 378 (Immig. Ct. N.Y. City June 6, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007).[2]
We find no error in the agency’s conclusion that, despite Gjoni’s past persecution on the basis of his political opinion, any presumption of a well-founded fear of persecution or likelihood of torture was rebutted by the fundamental change in circumstances in Albania. We have held that when making a changed country conditions finding with respect to a country “that is the subject of an appreciable proportion of asylum claims,” such as Albania, the agency “need not enter specific findings premised on record evidence.” Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006).
Here, substantial evidence supports the agency’s conclusion that conditions in Albania have fundamentally changed such that Gjoni does not have a well-founded fear of persecution or torture. Gjoni argues that the State Department report on countiy conditions in Albania indicates that former members of the Democratic Party are still subject to torture and persecution by police officers and that Albania is unwilling to protect its citizens against crime. The report, however, indicates that there have been “no outbreaks of political violence since 1998” in Albania, and that there have been no reports of “politically motivated killings” or “disappearances” in that country. Further, Gjoni testified that his family members' — who were also active in the Democratic Party — have not suffered any ill treatment in Albania since the Democratic Party took power. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (noting that the fact that a petitioner’s similarly-situated family continues to live in the petitioner’s native country “cuts against [the petitioners’] argument that [he] has a well-founded fear of persecution”). The State Department report makes no mention of Albania’s unwillingness to protect its citizens from crime.
On this record, the agency reasonably found that changes in Albania’s political landscape supported the conclusion that nothing would threaten Gjoni’s life or free *411 dom if he were removed to that country. Thus, the agency did not err in denying his application for asylum, withholding of removal, and CAT relief. See Hoxhallari, 468 F.3d at 187 (affirming the agency’s finding that an applicant was ineligible for asylum or withholding of removal as a result of material political changes in Albania); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
For the foregoing reasons, the petition for review1’ is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Although Gjoni is challenging the denial of relief in ‘'asylum-only” proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006).